UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CIVIL ACTION NO. 5:23-CV-00112-JHM**

**AARON REYNOLDS**                                                          **PLAINTIFF**

**v.**

**JOYCE L. PUCKETT**, *et al.*                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Aaron Reynolds filed this *pro se* prisoner 42 U.S.C. § 1983 action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of the claims set forth in the complaint and permit Plaintiff to amend his complaint.

**I.**

Plaintiff, a convicted prisoner, is currently housed at the Kentucky State Penitentiary ("KSP"). Plaintiff brings this action against four Defendants associated with Plaintiff's medical care at Lee Adjustment Center ("LAC") and KSP. Specifically, Plaintiff lists the following Defendants in the caption of the complaint: LAC Nurse Joyce L. Puckett; LAC Nurse Tracy Bird; LAC Warden Daniel Akers; and KSP Provider Karen Ramey. [DN 1 at 1–2].

Plaintiff alleges that in the month of November 2022, while incarcerated at LAC, he found on his person "a small, clear, square patch attached to my backarm/lowerback." [*Id.* at 4]. Plaintiff further alleges that "[t]here was also talk of something being put in my food items . . . (possibly a pill form of medication)." [*Id.*]. On December 5, 2022, Plaintiff was transferred to KSP where he later began to notice this his sweat smelled different, his chest had taken on a new shape, and he had begun to loose pubic hair. Essentially, Plaintiff alleges that while at LAC, he received non-

consensual hormone therapy treatment despite only identifying as a heterosexual male. Plaintiff argues that he holds Wellpath at LAC responsible "for distributing such a medication . . . to an inmate populace knowing that such a situation (as mine) could/would happen in due time in this setting." [*Id.*]. Plaintiff further alleges that since being transferred to KSP he has attempted to seek treatment "through the Wellpath Provider (KSP) to no avail." [*Id.* at 5]. He represents that he filed grievances and has yet to receive any treatment or any medical attention at KSP. Plaintiff seeks compensatory damages.

For purposes of this initial review, the Court will only review the claims for which the Western District of Kentucky has proper venue—those claims related to Plaintiff's medical care at KSP against KSP Provider Karen Ramey in her official capacity. The Court will address the remaining claims in a separate Memorandum and Order.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff brings a § 1983 claim against Defendant Ramey in her official capacity under the Eighth Amendment for deliberate indifference to a serious medical need.

#### A. Official Capacity Claim

Plaintiff's official capacity claim against Defendant Ramey is the same as suing the entity which employees her--Wellpath. *See, e.g.*, *Williams v. Ferguson*, No. 3:20-CV-P369-DJH, 2020 WL 3511590, at *4 (W.D. Ky. June 29, 2020). The Sixth Circuit has held that the same analysis

that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as Wellpath which has ostensibly contracted with the state to provide medical care to its prisoners. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."); *see also Cook v. Daviess Cnty. Det. Ctr.*, No. 4:22-CV-P48-JHM, 2022 WL 13973775, at *2 (W.D. Ky. Oct. 21, 2022). Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.")).

To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of an entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)).

In the instant case, Plaintiff does not allege that he was denied medical treatment at KSP based on a policy or custom of Wellpath. Accordingly, Plaintiff's claims against Wellpath and the official-capacity claim against Ramey will be dismissed for failure to state a claim upon which relief may be granted.

4

### B. Amended Complaint

Nevertheless, prior to dismissing this action, the Court will give Plaintiff an opportunity to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal" on initial review under the analogous standard of 28 U.S.C. § 1915A.). <u>In the amended complaint, Plaintiff shall name as Defendants the individuals at KSP who allegedly violated his rights by failing to provide requested medical care, describe the actions allegedly taken by *each* Defendant, and sue each Defendant in his/her *individual capacity*</u>. The Court will conduct an initial review of the amended complaint.

### IV.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against Ramey are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **no later than February 19, 2024, Plaintiff may file an amended complaint. If Plaintiff fails to timely file an amended complaint, the Court will enter an Order dismissing this action for the reasons stated herein.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and this case number written in the caption.

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

January 17, 2024

cc: Plaintiff, *pro se*
4414.014